IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01095-PAB

SEAN NGUYEN,

      Plaintiff,

v.

ESTATE OF WALTER BINGEL,
EBONY AUSTIN, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

      Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Ebony Austin. Ms. Austin asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  "Federal district courts must strictly construe their removal jurisdiction."  *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Title 28 U.S.C. § 1446 outlines the procedure for removing a civil action from state to federal court.  Among other things, it provides that a "defendant or defendants desiring to remove any civil action from a State court" shall file notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. §§ 1446(a)–(b)(1).  Additionally, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.*, § 1446(b)(2)(A).  "Each defendant shall have 30 days after receipt by or service on that defendant of the

initial pleading or summons . . . to file the notice of removal." *Id.*, § 1446(b)(2)(B). Finally, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.*, § 1446(b)(2)(C).

A removal that does not comply with the express statutory requirements for removal "can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 WL 3454976, at * 3 (D. Colo. July 18, 2018). Because removal is entirely a statutory right, the relevant procedures must be followed. *See Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988). Thus, "[t]he failure of all defendants to consent to removal will result in remand." *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1254–55 (D.N.M. 2017). Additionally, the unanimity rule requires that, "[w]here there are multiple defendants, all defendants served at the time of filing must join in the notice of removal." *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). Courts have also required that, to join a notice of removal, the support must be in writing. *See, e.g.*, *Roybal v. City of Albuquerque*, 2008 WL 5991063, at *2 (D.N.M. Sept. 24, 2008); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996). The lack of unanimous consent, however, is a procedural defect, not a jurisdictional defect. *See Farmland Nat'l Beef Packing Co., L.P. v. Stone*

*Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (unpublished) (citing *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997)); *see also Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982).

Plaintiff initiated this lawsuit on December 8, 2020 against "Walter Bingel; 'Ebony' Last Name Unknown; American Family Mutual Insurance Company, S.I.; Enterprise Holdings, Inc." Docket No. 6 at 1. The first amended complaint, filed on February 25, 2021, was against "Estate of Walter Bingel/Walter Bingel, Ebony Austin; American Family Mutual Insurance Company, S.I." Docket No. 7 at 1. The second amended complaint, naming "Estate of Walter Bingel; Ebony Austin; American Family Mutual Insurance Company, S.I." as defendants was filed on April 5, 2021. Docket No. 8. The notice of removal states that the state court granted plaintiff's motion for leave to file a second amended complaint on April 6, 2021. Docket No. 1 at 1–2, ¶ 1. Ms. Austin filed the notice of removal. *See* Docket No. 1 at 1. Ms. Austin does not indicate that the other defendants consented to removal. *See generally id*. Defendants Walter Bingel and American Family Mutual Insurance Company S.I. were served with the original complaint on December 31, 2020. *See* Docket Nos. 1-8, 1-9. The notice of removal, therefore, is procedurally defective. *See Huffman*, 194 F.3d at 1077; *see also Centura Health*, 2018 WL 3454976, at * 3.

Procedures for remand are governed by 28 U.S.C. § 1447, which states:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

4

28 U.S.C. § 1447(c).

Plaintiff has not filed a motion to remand.  If a motion for remand is not filed within the thirty days after the notice of removal, the district court lacks discretion under 28 U.S.C. § 1447(c) to remand based on a procedural defect.  See *Farmland*, 98 F. App'x at 756; *see also Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-cv-01903-PAB-CBS, 2012 WL 1060000, at *2 (D. Colo. Mar. 28, 2012).  That is, the thirty-day period binds the district court as well as the party opposing removal. *Farmland*, 98 F. App'x at 756.  This is because of the overriding principle that, because federal removal jurisdiction is statutory in nature, it is strictly construed.  Thus, though the notice of removal is defective, the Court may not *sua sponte* remand the case.

Nevertheless, Ms. Austin's removal is defective because Ms. Austin has failed to properly allege the citizenship of the Estate of Walter Bingel ("the Estate").  Ms. Austin asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 1. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

Ms. Austin alleges that "[t]he Estate of Walter Bingel was ordered created in Clark County, Nevada."  See Docket No. 1 at 5, ¶ 14.  The notice further alleges that "[d]efendant Walter Bingel was an individual and resident of the State of Nevada."  See *id.*  The second amended complaint adds further details, alleging that the Dunham Trust Company, through its agent Robert L. Ansara, is the Special Administrator for the

5

Estate.  *See* Docket No. 8 at 1-2, ¶ 5.  "A special administrator is a person appointed 'to collect and take charge of the estate of the decedent . . . and to exercise such other powers as may be necessary to preserve the estate.'"  *Pascua v. Bayview Loan Servicing, LLC*, 434 P.3d 287, 289 (Nev. 2019) (quoting Nev. Rev. Stat. § 140.010).

> 1. A special administrator shall:
>    (a) Collect and preserve for the executor or administrator when appointed all the goods, chattels and receivables of the decedent, and all incomes, rents, issues, profits, claims and demands of the estate.
>    (b) Take charge and management of the real property and enter upon and preserve it from damage, waste and injury.
> 2. A special administrator may:
>    (a) For all necessary purposes, commence, maintain or defend actions and other legal proceedings as a personal representative.
>    (b) Without prior order of the court, sell any perishable property of the estate, as provided in NRS 148.170.
>    (c) Exercise such other powers as have been conferred by the order of appointment.
>    (d) Obtain leave of the court to borrow money or to lease or mortgage real property in the same manner as an executor or administrator.
> 3. A special administrator is not liable:
>    (a) To any creditor on any claim against the estate; or
>    (b) For any claim against the decedent except a claim involving wrongful death, personal injury or property damage if the estate contains no assets other than a policy of liability insurance.

Nev. Rev. Stat. § 140.040.  In its order appointing Dunham Trust Company as the Special Administrator for the Estate of Walter Bingel, the District Court for Clark County, Nevada found that it was necessary to appoint a Special Administrator "for the specific purpose of appearing on behalf of the Decedent as a Defendant in *Sean Nguyen, Plaintiff vs. Walter Bingel, et al., Defendants*, Case No. 2020CV30989, pending in Boulder County District Court, State of Colorado[.]"  Docket No. 1-32 at 1.  The court authorized Dunham Trust Company, through its agent Mr. Ansara, to accept service of

pleadings, "approve arbitration settlement within applicable policy limits," and "participate and attend arbitration and trial as necessary[.]" *Id.* at 2. For diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Dunham Trust Company is the Estate's legal representative in this case, and will therefore be deemed a citizen of the same state as the decedent. However, the allegations regarding the citizenship of the decedent are not well pled.

The notice of removal alleges that "[d]efendant Walter Bingel was an individual and resident of the State of Nevada." *See* Docket No. 1 at 5, ¶ 14. Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014); *see also Dumas v. Warner Literary Grp., LLC*, No. 16- cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (citing *Keys Youth*

*Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)); *see also Schmidt v. Reinalt-Thomas Corp.*, 2018 WL 6002394, at *3-4 (D.N.M. Nov. 14, 2018) (using standard test to determine domicile of decedent); *Ramirez v. Billy Crews, Inc.*, 2021 WL 876950, at *2 (D.N.M. Mar. 9, 2021) (finding notice of removal deficient where it did not identify the citizenship of the decedent at the time of death). Ms. Austin has offered no evidence regarding the domicile of Mr. Bingel at the time of his death.

Because the allegation regarding the Estate's citizenship are not well-pled, the Court is unable to determine whether it has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **June 29, 2021**, Ms. Austin shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED June 15, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge