IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01095-PAB-NRN

SEAN NGUYEN,

Plaintiff,

v.

ESTATE OF WALTER BINGEL,
EBONY AUSTIN, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

Defendants.

---

**ORDER ON**
**PLAINTIFF'S MOTION TO COMPEL DIRECTED TO DEFENDANT EBONY AUSTIN**
**(Dkt. #48)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court on Plaintiff Sean Nguyen's Motion to Compel
Directed to Defendant Ebony Austin ("Motion to Compel"). (Dkt. #48.) The Court heard
argument on the subject motion on May 4, 2020 (*see* Dkt. #57), and allowed further
briefing from the parties. (*See* Dkt. #58 & 59.) Now, being fully informed and for the
reasons set forth below, it is hereby **ORDERED** that the Motion to Compel (Dkt. #48) is
**DENIED**.

This is a first- and third-party insurance dispute. Plaintiff alleges that he was
injured when his vehicle was struck by multiple vehicles on I-70. Relevant to the present
dispute, one of the vehicles that allegedly struck Plaintiff was rented to Kyle Simpson
and driven by his companion, Ebony Austin, as a permissive user. Both are Australian

residents. Plaintiff effected service upon Ms. Austin by serving Enterprise Leasing Company of Denver ("Enterprise"), which is self-insured, and Enterprise's excess insurer, Empire Fire and Marine ("Empire"), pursuant to Colo. Rev. Stat. § 42-7-414.

Plaintiff served Enterprise and Empire with interrogatories directed to Ms. Austin. The response to said interrogatories contains the following objection:

> This matter is proceeding pursuant to C.R.S. § 42-7-414 and the substituted service permitted thereunder. Ebony Austin has not been served and this Court has no jurisdiction over her. Thus [Enterprise and Empire] are answering the written discovery based on the information the they [sic] possess. These interrogatories are being answered by [Enterprise and Empire], not Ebony Austin. Thus, where it references Defendant Austin, this is really referencing [Enterprise and Empire].

(Dkt. #48-1 at 1.) Unsurprisingly, the interrogatories were not signed by Ms. Austin.

Plaintiff then filed the subject Motion to Compel. Plaintiff argues that Ms. Austin, as a party to the litigation who has been properly served, must respond to and sign the interrogatory responses. Enterprise and Empire contend that the Court only has in rem jurisdiction over the insurance policy, not personal jurisdiction over Ms. Austin.

Under Rule 37(a) of the Federal Rules of Civil Procedure, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Specifically, a party can move to compel an answer to an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). Rule 33, in turn, requires the party answering interrogatories to sign them. Fed. R. Civ. P. 33(b)(5).

In this case, Ms. Austin is a "party" pursuant to Colorado's Motor Vehicle Financial Responsibility Law, which provides, in relevant part, as follows:

> (3)(a) The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the

insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

. . .

(f) If service of process is made on the insurance carrier under this subsection (3) and the court enters judgment or the insurance carrier agrees to a settlement for the damages caused by the absent insured, the amount of the insurance carrier's liability shall not exceed the policy limits of the coverage. A judgment or settlement obtained using service of process on the carrier shall not bar the injured person from subsequently making personal service on the person who caused the injury and seeking additional remedies provided by law.

(g) Payment under the policy pursuant to this section shall not be deemed to be an admission of liability by the alleged tortfeasor and shall not prejudice the right of the alleged tortfeasor to contest his or her liability or the extent of damages owed to the injured party.

(h) As used in this subsection (3), "reasonable effort" means service at the defendant's last-known address, an address obtained from the insurance policy, an address obtained from a driver's license or motor vehicle registration, or any readily ascertainable successor address.

Colo. Rev. Stat. §§ 42-7-414(3)(a), (f)–(h). This law was enacted by the General Assembly to "protect our people from the . . . financial loss visited upon innocent traffic accident victims by negligent motorists who are financially irresponsible." Colo. Rev. Stat. § 42-7-102; *see also State Farm Mut. Auto Ins. Co. v. Steul*, 2020 COA 146, ¶ 37, 477 P.3d 778, 784.

In summary, under the statute, an insurer is considered the insured tortfeasor's agent for service if the insured cannot be located, and a civil action may be maintained

against the insured up to the policy limits, although any payment that the insurer makes is not considered an admission of liability by the alleged tortfeasor. Therefore, a plaintiff may file a later action against the tortfeasor for additional damages. In discussing this statute, the Colorado Practice Series has recognized that it "potentially implicates significant due-process concerns for the insured, as well as ethical and practical concerns for defense counsel" because "[i]nsurers have to defend even when they can get no cooperation or even communication with the defendant insured." 8 *Colo. Prac.* § 50:32 (3d ed.) Moreover, "[t]o date, these concerns have not been addressed by either the judiciary or the legislature." *Id.*

This case illustrates some of the difficulties raised by permitting substituted service on an insurer. Enterprise and Empire do not dispute that Ms. Austin was a permissive user and therefore covered by the supplemental insurance purchased by Mr. Simpson. As a permissive user, however, Ms. Austin did not submit any contact information to the car rental company, making it difficult for Enterprise and Empire to reach her. They apparently did obtain a written or recorded statement from Mr. Simpson, along with pictures of the collision site, so they have been able to do some factual investigation of the accident. Their response to the interrogatories also indicates that Ms. Austin gave a statement, but "[t]here was an error in the recording and saving of the statement of Ebony Austin and it no longer exists." (Dkt. #48-1 at 4.) It is unclear when or to whom this statement was given.

At the May 4, 2022 hearing, counsel for Enterprise and Empire stated that he had tried but was unable to communicate with Ms. Austin. Under these circumstances, it is difficult to see how Plaintiff would like Enterprise and Empire to proceed or what relief

the Court can provide. Section 42-7-414 implicitly contemplates that an insurer will provide a defense without the insured's participation, given that (1) after the matter is resolved with the insurer, a plaintiff can personally serve the tortfeasor and seek additional remedies; and (2) payment under the policy does not waive the tortfeasor's ability to challenge liability and/or damages. Proceeding without the insured's participation necessarily hampers the insurer's ability to fulfill its obligations under the policy. And, because it is established Colorado law that with respect to the tripartite relationship, a lawyer's client is the insured and not the carrier, *see Bendinelli v. Metro. Prop. & Cas. Ins. Co.*, No. 1:17-CV-00978-KHR, 2018 WL 11025412, at *7 (D. Colo. July 23, 2018), defense counsel faces additional challenges in mounting an effective (and ethical) defense when service is made under § 42-7-414(a). The Court will not further tip the scales by permitting either the entry of default judgment or ordering discovery sanctions in a case where an insurer is acting as an agent for an insured who cannot be located or who refuses to participate.

Plaintiff argues that his inability to obtain written discovery and testimony from Ms. Austin under oath hamstrings his rights because there is "no incentive for the insurance company to seek out a defendant's participation if it knew there were no consequences for its bad business practices." This ignores three things. First, all the statute requires is that an insurer forward communications "to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required." Colo. Rev. Stat. § 42-7-414(3)(a). Insofar as Enterprise and Empire have done this, they have complied with their statutory obligations.

Second, an insurer served pursuant to § 42-7-414(3)(a) is still potentially liable to the extent of the policy limits, whether the insured participates or not. Surely, its incentive is to coordinate with the insured in order to present the insured's side of the story rather than attempting to defend an empty chair at trial.

Finally, Plaintiff availed himself of the "simplif[ied] process for an innocent victim to access the negligent driver's liability insurance policy." Colo. Rev. Stat. § 42-7-102(b)(II). This process allows him to prosecute a lawsuit even though he has not personally served the tortfeasor under Rule 4 or otherwise ensured that she has actual notice of the case. In exchange, he has necessarily forfeited his absolute right to require that Ms. Austin, who has not been personally served with a summons or a copy of the pleadings, sign discovery responses or sit for a deposition. Enterprise and Empire, correspondingly, will have to defend suit without the benefit of Ms. Austin's cooperation.

Accordingly, Plaintiff Sean Nguyen's Motion to Compel Directed to Defendant Ebony Austin (Dkt. #48) is **DENIED**.

BY THE COURT:

Date:  June 10, 2022
       Denver, Colorado                    _____
                                           N. Reid Neureiter
                                           United States Magistrate Judge