**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-01095-NYW-NRN

SEAN NGUYEN,

    Plaintiff,

v.

ESTATE OF WALTER BINGEL,
EBONY AUSTIN, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

This matter comes before the Court on Plaintiff's Motion for Summary Judgment Pursuant to FRCP 56 Directed to Estate of Walter Bingel (the "Motion" or "Motion for Summary Judgment") filed on November 5, 2021. [Doc. 41].[1] Upon review of the Motion and the associated briefing, the applicable case law, and the record before the Court, the Court concludes that oral argument will not materially assist in the resolution of this matter. For the reasons set forth below, the Motion for Summary Judgment is respectfully **DENIED**.

### BACKGROUND

This civil action arises out of a vehicle collision occurring on or about April 24, 2018 in Colorado. *See* [Doc. 8 at ¶ 10]. Plaintiff Sean Nguyen ("Plaintiff" or "Mr. Nguyen") alleges in his Second Amended Complaint that on that date, a vehicle driven by an individual named Walter Bingel rear-ended his vehicle while traveling on Interstate 70. [*Id.* at ¶¶ 8, 13]. Mr. Nguyen alleges

---

[1] This case was reassigned to this District Judge on August 4, 2022. *See* [Doc. 65].

that his vehicle was then hit by either an "unknown vehicle" or a vehicle driven by Defendant Ebony Austin ("Ms. Austin"). [*Id.* at ¶ 15]. Mr. Nguyen filed this civil action on December 8, 2020 in the District Court for Boulder County, Colorado, *see* [Doc. 6], and the case was removed to federal court on April 20, 2021. [Doc. 1]. Mr. Nguyen raises the following claims: (1) a claim for underinsured motorist benefits against his insurer, American Family Mutual Insurance Company, S.I.; (2) a negligence claim against the Estate of Walter Bingel (the "Estate"), Ms. Austin, and the "unidentified third driver," and (3) a negligence *per se* claim against the Estate, Ms. Austin, and the unidentified third driver. *See generally* [Doc. 8].

It is undisputed that on September 22, 2021, Mr. Nguyen served Requests for Admission on the Estate and that the Estate's responses to the Requests for Admission were due on October 22, 2021. [Doc. 41 at ¶¶ 1-2; Doc. 41-1 at 11]. The Requests for Admission requested that the Estate provide the following admissions:

- Admit that you were negligent at the time of the INCIDENT.

- Admit that Plaintiff was not negligent at the time of the INCIDENT.

- Admit that Plaintiff did not contribute to causing the INCIDENT.

- Admit Plaintiff did not contribute to causing his injuries.

- Admit that the treatment Plaintiff received as a result of his injuries sustained in the collision was reasonable and a direct result of the INCIDENT.

- Admit that the costs of the treatment Plaintiff received as a result of his injuries sustained in the collision were reasonable and were a direct result of the INCIDENT.

- Admit that YOU were negligent in causing the collision.

- Admit that the collision was avoidable had YOU driven carefully instead of driving negligently.

[*Id.* at ¶ 5; Doc. 41-1 at 9-10]. The Requests for Admission further state that the term "INCIDENT" includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding." [Doc. 41 at ¶ 6; Doc. 41-1 at 3]. It is undisputed that the Estate "cannot evidence it provided any responses to the Requests [for Admission]." [Doc. 41 at ¶ 3].

Plaintiff filed the instant Motion for Summary Judgment on November 5, 2021. *See* [*id.*]. He asserts that by failing to respond to his Requests for Admission, the Estate has admitted the matters contained therein pursuant to Rule 36 of the Federal Rules of Civil Procedure. [*Id.* at 4]. And because these assertions are deemed admitted, Mr. Nguyen argues that no genuine dispute of material fact exists as to his negligence claim and "judgment should enter for Plaintiff and against Defendant Estate of Walter Bingel for negligence, and a hearing for damages should be scheduled to occur concurrent with the trial in this case." [*Id.*].

In its Response, the Estate concedes that it was served with interrogatories, requests for production, and requests for admission, but "[t]hrough an inadvertent mistake, [the Estate] only served Plaintiff with responses to the Interrogatories and missed the Request[s] for Production of Documents and Request[s] for Admission[.]" [Doc. 43 at 2]. Defendant represents that when this error came to counsel's attention, "[his] office reached out to Plaintiff's counsel's office by telephone to request additional time to serve responses," but before defense counsel received a response, Plaintiff filed the Motion for Summary Judgment. [*Id.*]. The Estate represents that it served belated responses to the Requests for Admission on November 10, 2021 and "requests that the [responses] served on November 10, 2021 be permitted and that the Motion for Summary Judgment be denied." [*Id.*]. In the alternative, the Estate argues that "the only element of the Plaintiff's claim that can be determined by [Plaintiff's] Motion is that [the Estate] was negligent

3

in causing the accident itself." [*Id.* at 3]. Mr. Nguyen has since replied. *See* [Doc. 44]. This matter is ripe for disposition, and the Court considers the Parties' arguments below.

## LEGAL STANDARD

### I.  Rule 36

Rule 36 of the Federal Rules of Civil Procedure permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to "facts, the application of law to fact, or opinions about either" or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). If the responding party does not respond within 30 days of being served with requests for admission, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

### II.  Rule 56

Pursuant to Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]t is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v.*

4

*Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

## ANALYSIS

In his Motion for Summary Judgment, Mr. Nguyen asserts that because the Estate did not submit a timely response to his Requests for Admission, these matters are deemed admitted under Rule 36 and are sufficient to establish his entitlement to summary judgment on his negligence claim against the Estate. [Doc. 41 at 4-5]. Plaintiff is correct that requests for admission are deemed admitted if the responding party fails to respond or object within 30 days of service. Fed. R. Civ. P. 36(a)(3). However, Rule 36(b) provides that a court, on motion, may permit the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Relevant here, although Rule 7.1(d) of the Local Rules of Practice for this District generally prohibits the inclusion of a motion in a response to an original motion, *see* D.C.COLO.LCivR 7.1(d), the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has "held that a response to a motion for summary judgment arguing in part that the opposing party should not be held to its admissions can constitute a Rule 36(b) motion to withdraw those admissions." *In re Durability Inc.*, 212 F.3d 551, 556–57 (10th Cir. 2000) (citing *Bergemann v. United States*, 820 F.2d 1117, 1120-21 (10th Cir. 1987)).

Here, the Estate did not formally move to withdraw or amend its admissions. Instead, in its Response to the Motion for Summary Judgment, it provides an explanation for the failure to respond, represents that it requested an extension of time to respond before Plaintiff filed the Motion for Summary Judgment, and "requests that the Responses to [the Requests for Admission] served on November 10, 2021 be permitted." [Doc. 43 at 2]. The Estate's Response is, "in essence, [a] motion[] to withdraw the admissions," *Bergemann*, 820 F.2d at 1121, and the Court construes

5

it as such. *See Pittman v. Wakefield & Assocs., Inc.*, No. 16-cv-02695-RBJ-KMT, 2017 WL 5593287, at *3 (D. Colo. Nov. 21, 2017) ("[A]lthough Ms. Pittman has not moved to withdraw her admissions, she does argue in her response to Wakefield's motion for summary judgment that she should not be held to her admissions. . . . I find that her response may be properly considered as a motion to withdraw her admissions, and I find that withdrawal is appropriate in this case.").

A court "may permit such withdrawal or amendment 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)) (alterations in original). Upon review of these factors, the Court concludes that permitting withdrawal of the Estate's admissions is appropriate here.

***Presentation of the Merits***. The first Rule 36(b) factor weighs in favor of permitting the Estate to withdraw its admissions. This portion of the two-prong test "emphasizes the importance of having the action resolved on the merits" and "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1265 (11th Cir. 2002)). "[T]he Tenth Circuit has found that allowing withdrawal or amendment of admissions is necessary when 'the admissions at issue conceded the core elements of [the plaintiff's] case.'" *Pittman*, 2017 WL 5593287, at *3 (quoting *Raiser*, 409 F.3d at 1246).

Here, by failing to timely respond to the Requests for Admission, the Estate has admitted, *inter alia*, that Mr. Bingel was "negligent at the time of the INCIDENT" and that Plaintiff "did not contribute to causing the INCIDENT." [Doc. 41-1 at 9]. "The elements of a claim of negligence consist of the following: a duty owed by the defendant to the plaintiff, a breach of that duty, injury

6

to the plaintiff, and a proximate cause relationship between the breach and the injury." *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992). The issues of whether Mr. Bingel was driving negligently or whether Mr. Nguyen contributed to the cause of the accident are among the core disputes in Plaintiff's negligence claim, and an admission as to these issues would eliminate any presentation of the merits of the case with respect to these portions of the claim. Thus, permitting the Estate to withdraw its admissions would ensure that this case proceeds on its merits. *Pittman*, 2017 WL 5593287, at *4.

    ***Prejudice to Plaintiff***. "The second Rule 36(b) factor requires [the party who obtained the admissions] to show that it would be prejudiced by the withdrawal of [the] admissions." *Raiser*, 409 F.3d at 1246. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1121. "Mere inconvenience does not constitute prejudice." *Raiser*, 409 F.3d at 1243.

    Mr. Nguyen does not argue that he will be prejudiced if the Estate is permitted to withdraw its admissions. *See* [Doc. 44]; *see also Pittman*, 2017 WL 5593287, at *4 (concluding that the "second 36(b) factor [weighed] in favor of allowing withdrawal" where the obtaining party had "not provided evidence that it would be prejudiced by the withdrawal"). Upon review of the docket and the Parties' briefing, this Court identifies no prejudice here. The Court notes that the Estate requested an extension of time to respond to the discovery requests *before* Plaintiff filed the Motion for Summary Judgment—i.e., within two weeks of the missed deadline—and belatedly served its discovery responses on Mr. Nguyen on November 10, 2021 (approximately three weeks after its deadline to do so). *See* [Doc. 43 at 2; Doc. 43-1]. In other words, Mr. Nguyen has had notice of the Estate's substantive position on the Requests for Admission throughout the course of discovery

7

in this case and well before the dispositive motions deadline passed.[2] *See Bergemann*, 820 F.2d at 1121 (finding no prejudice where the party obtaining discovery responses "clearly knew" that the opposing party challenged the substance of the admissions); *Raiser*, 409 F.3d at 1247 (no prejudice where "[o]nly two weeks passed between the due date for Mr. Raiser's response and the date that he filed his initial motion to amend his admissions or allow an untimely response"). In addition, the Court notes that the Estate's responses to the Requests for Admission mirror the denials in its Amended Answer, *compare* [Doc. 43-1 at 3-4] *with* [Doc. 8 at ¶ 2], and are routine, unsurprising denials from a party contesting its legal liability. The Court is doubtful that permitting withdrawal would significantly alter the substantive trajectory of this case.

In any event, discovery remains open through November 15, 2022 to permit Plaintiff to depose Mrs. Bingel, who was a passenger in Mr. Bingel's vehicle at the time of the subject collision. [Doc. 68 at ¶ 5; Doc. 70]. Plaintiff will thus have an opportunity to question a witness about the details of the vehicle collision in light of the withdrawn admissions. *Cf. Chi v. Weyerhauser Co.*, No. 17-cv-02230-PAB-MEH, 2019 WL 13195498, at *2 (D. Colo. Apr. 2, 2019) ("The discovery deadline is still almost two months away and, thus, sufficient time remains for any discovery into the requests for admission, if necessary."). And finally, the mere fact that Mr. Nguyen prepared and filed a summary judgment motion is not sufficient to constitute prejudice. *Raiser*, 409 F.3d at 1247 ("[A]ny prejudice to Utah County in preparing a motion for summary judgment is insufficient to foreclose withdrawal or amendment of the admissions."). Because

---

[2] The dispositive motions deadline in this case was July 29, 2022. *See* [Doc. 34 at 9]. While the Parties have obtained an extension of the discovery deadline for the purpose of taking limited depositions, *see* [Doc. 70], the Parties have not sought or obtained an extension of the dispositive motions deadline.

there is no indication that Mr. Nguyen will suffer any prejudice if the Estate's admissions are withdrawn, the second Rule 36(b) factor is satisfied here.

To be sure, "no litigant should ignore deadlines established by applicable rules." *Id.* The Court does not condone any party—in this case or in any other case—disregarding deadlines set by the Federal Rules or this Court. However, "[o]ur justice system has a strong preference for resolving cases on their merits whenever possible." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011). To that end, "more than a failure to meet deadlines is required to deny a party relief from an admission." *Raiser*, 409 F.3d at 1247. The Court strongly prefers that matters be decided on the merits and finds that withdrawal of the Estate's admissions is appropriate here.

Accordingly, the Estate's admissions are deemed **WITHDRAWN**. And because the Motion for Summary Judgment is based exclusively on the now-withdrawn admissions, *see* [Doc. 41 at ¶¶ 1-6], Plaintiff has not submitted evidence in support of his request for summary judgment and does not present any substantive argument with respect to his legal entitlement to judgment. *See generally* [*id.*]. In other words, Mr. Nguyen has not demonstrated that he is entitled to summary judgment on his negligence claim. *See* Fed. R. Civ. P. 56(a); *Alpine Bank*, 555 F.3d at 1110. For this reason, the Motion for Summary Judgment is respectfully **DENIED**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) The Estate's admissions are deemed **WITHDRAWN**; and

(2) Plaintiff's Motion for Summary Judgment Pursuant to FRCP 56 Directed to Estate of Walter Bingel [Doc. 41] is **DENIED**.

DATED: September 9, 2022        BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10